UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

Greer Hodges,                                    )
Individually, and as Personal                    )
Representative of the Estate of                  )
Ahmad Givon Glenn                                )
12825 Evansport Place                            )
Woodbridge, Virginia 22192                       )
and                                              )
                                                 )
Celeste Terrill,                                 )
Individually, and Personal                       )
Representative of the Estate of                  )
Shawn Ryan Terrill                               )
12937 Freestone Court                            )
Woodbridge, Virginia 22192                       )
and                                              )
                                                 )
Shantalle Johnson,                               )
As Mother and Next Friend of                     )
Amari Johnson, a minor                           )
7802 Lewis Chapel Circle                         )
Apt. #302                                        )
Lorton, Virginia 22079                           )
                                                 )
                          Plaintiffs,            )
                                                 )
v.                                               )
                                                 )
The District of Columbia                         )
A Municipal Corporation                          )
                                                 )
    Serve:                                       )
                                                 )
    The Honorable Adrian Fenty, Mayor            )
    Designated Agents:                           )
    Tabatha Braxton, Arlethia Thompson or        )
    Erica Easter                                 )
    1350 Pennsylvania Avenue, NW                 )
    Suite #419                                   )

Washington, DC 20004                                )
                                                    )
Office of the Attorney General                      )
    Designated Agents:                              )
    Darlene Fields, Gail Rivers, or                 )
    Tonia Robinson                                  )
    441 4th Street, N.W., Suite 600S                )
    Washington, D.C. 20001                          )
and                                                 )
                                                    )
                                                    )
James Bernardo Frazier, Jr.                         )
Warden                                              )
Maryland Correctional                               )
Training Center                                     )
1880 Roxbury Road                                   )
Hagerstown, Maryland 21746                          )
and                                                 )
                                                    )
Charles Bernard Perry, Jr.                          )
826 Marietta Place, NW                              )
Washington, DC 20011                                )
                                                    )
        Defendants,                                 )

## COMPLAINT

COME NOW Plaintiffs Greer Hodges, individually and as personal representative of the estate of Ahmad Givon Glenn, Celeste Terrill, individually and as personal representative of the estate of Shawn Ryan Terrill and Shantalle Johnson, as mother as next friend of Amari Johnson, a minor, by and through the undersigned counsel, and make this Complaint against Defendant District of Columbia ("D.C."), James Bernardo Frazier, Jr., and Charles Bernard Perry, Jr. In support hereof, Plaintiffs Hodges, Terrill and Johnson allege as follows:

## PARTIES

1.    Plaintiffs Hodges, Terrill and Johnson are individuals who reside at the above-referenced addresses.

2.    Defendant D.C. is a governmental body located in the District of Columbia and organized pursuant to the laws of the United States.

3.    Defendant James Bernardo Frazier, Jr. resides in Maryland.

4.    Defendant Charles Bernard Perry, Jr. resides in the District of Columbia

## JURISDICTION

5.    The jurisdiction of this Court is invoked pursuant to Title 28 United States Code Section 1332 and the diversity of citizenship of the parties hereto:

       a)    Plaintiff Greer Hodges is a citizen of the State of Virginia.

       b)    Plaintiff Celeste Terrill is a citizen of the State of Virginia.

       c)    Plaintiff Shantalle Johnson is a citizen of the State of Virginia.

       d)    Defendant James Bernardo Frazier, Jr. is a citizen of the State of Maryland.

       e)    Defendant Charles Bernard Perry Jr. is a citizen of the District of Columbia.

       f)    The amount in controversy exceeds $75,000.00.

## FACTUAL BACKGROUND

6.    At approximately 11:45 p.m. on December 3, 2006, on Georgia Avenue, NW, in the District of Columbia, the District of Columbia Police initiated and engaged in an improper pursuit of a Chevrolet Impala, owned by Defendant Charles Bernard Perry, Jr. and driven by Defendant James Bernardo Frazier, Jr.

3

7.    At the same time. Shawn Ryan Terrill, and Ahmad G. Glenn (hereafter "decedents"), were in a vehicle traveling Northbound near the 8000 Block of Georgia Avenue in Montgomery County, Maryland, when the Chevrolet Impala, owned by Charles Perry Jr. and driven by James Frazier, Jr., struck them traveling at a high rate of speed.

8.    Upon impact the decedents' vehicle struck the bridge support pillars located in the median of Georgia Avenue. After striking the pillars Shawn Ryan Terrill and Ahmad Givon Glens' vehicle careened off the pillars and into a different lane where it struck another northbound vehicle.

9.    The vehicle in which Ahmad Givon Glenn and Shawn Ryan Terrill were occupying came to a rest approximately 200 feet north of the point of impact.

10.    At the time of the collision, members of Defendants police force were engaged in an improper pursuit of the Frazier vehicle.

11.    Mr. Ahmad Givon Glenn was transported to the Washington Hospital Center's Med STAR Unit. Mr. Shawn Ryan Terrill remained on the scene. The injuries prior to the deaths of Mr. Shawn Ryan Terrill and Mr. Ahmad Givon Glenn included but were not limited to impact injuries of head and torso. The collision, the resulting suffering and deaths of Shawn Ryan Terrill and Ahmad Givon Glenn and the damages suffered were the direct and proximate result of the gross negligence of Defendant with no contributory negligence or assumption of the risk on their part or that of Plaintiffs' Hodges, Terrill and Johnson.

12.    WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial.

4

**Count I - Gross Negligence by Defendant District of Columbia – Wrongful Death**

13.     Plaintiff Greer Hodges, individually and as personal representative of Ahmad Givon Glenn restates and re-allege each and every allegation set forth above as if fully set forth herein.

14.     The collision and resulting death of Ahmad Givon Glenn was the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential and commercial neighborhood with crowded streets in the District of Columbia and Maryland. Defendants police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing the Impala driven by James Frazier, Jr. at extremely high speeds through crowded streets in the District of Columbia especially when the Impala driven by James Frazier, Jr. was not a target of any a felony, serious crime or placing someone's life in danger; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia and Maryland; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to conduct a traffic stop under these circumstances.

15.     As a direct and proximate result of the gross negligence of Defendant, Plaintiff Greer Hodges, individually and as personal representative of Ahmad Givon Glenn incurred medical expenses, funeral expenses and burial expenses. As a further direct and proximate result of the gross negligence of Defendant D.C. Plaintiff Greer Hodges was denied financial benefits that she would have received from Ahmad Givon

Glenn. Plaintiff Greer Hodges has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance. As a result of the collision and Defendant D.C.'s gross negligence, Ahmad Givon Glenn suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

16.     The collision and the resulting suffering and death of Ahmad Givon Glenn and damages suffered were the direct and proximate result of the gross negligence of Defendant D.C. with not contributory negligence or assumption of the risk on his part or that of the Plaintiff Greer Hodges.

17.     WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial.

## Count II – Gross Negligence in Training And Supervision by Defendant District of Columbia

18.     Plaintiff Greer Hodges, individually and as personal representative of Ahmad Givon Glenn restates and re-allege each and every allegation set forth above as if fully set forth herein.

19.     At all times relevant, the police officers, agents and servants of Defendant D.C. involved in the collision that is the subject of this Complaint, were acting under the direction and control of, and pursuant to the rules, regulations, policies, and procedures of Defendant D.C.

20.     Defendant D.C. acted grossly negligent by failing to properly train, supervise, control direct, and monitor its police officers in their duties and responsibilities. Defendant D.C. knew, or in the exercise of reasonable care should have

6

know, of the acts of gross negligence of its officers under their employ, and had the power, authority and responsibility to prevent such acts and/or to discontinue such acts by the exercise of reasonable care, but neglected and/or refused to do so.

21.     The collision and resulting death of Ahmad Givon Glenn was the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia and Maryland. Defendant D.C.'s police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing James Frazier, Jr. at extremely high speeds through crowded streets in the District of Columbia especially when Frazier was not a target of any a felony, serious crime or placing someone's life in danger; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia and Maryland; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to conduct a traffic stop under these circumstances.

22.     As a direct and proximate result of the gross negligence of Defendant D.C. Plaintiff Greer Hodges, individually and as personal representative of Ahmad Givon Glenn incurred medical expenses, funeral expenses and burial expenses. As a further direct and proximate result of the gross negligence of Defendant D.C., Plaintiff Greer Hodges was denied financial benefits that she would have expected to receive from Ahmad Givon Glenn. Plaintiff Greer Hodges has suffered and will continue to suffer

other damages. including but not limited to mental anguish. emotional pain suffering. loss of society. loss of companionship. loss of comfort. loss of protection. loss of care. loss of attention. loss of advice and loss of counsel and guidance. As a result of the collision and Defendant D.C.'s gross negligence. Ahmad Givon Glenn suffered severe great pain. suffering. fright. mental anguish. embarrassment. disfigurement and death.

23.    The collision and the resulting suffering death of Ahmad Givon Glenn and damages suffered were the direct and proximate result of the gross negligence of Defendant D.C. with no contributory negligence or assumption of the risk on his part or that of Plaintiff Greer Hodges.

24.    WHEREFORE. Plaintiff demands judgment against Defendant based on the counts herein. in an amount to be determined at trial.

### Count III - Respondeat Superior

25.    Plaintiff Greer Hodges. individually and as personal representative of Ahmad Givon Glenn restates and re-allege each and every allegation set forth above as if fully set forth herein.

26.    The collision and resulting death of Ahmad Givon Glenn was the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia and Maryland. Defendant D.C.'s police officers, including the patrol officers. supervisors. shift commanders. and all others involved in the chain of command. acting within the course and scope of their employment as servants and/or employees of the District of Columbia. acted grossly negligent in (a) pursuing James Frazier at extremely high speeds through crowded streets in the District of Columbia especially when James

Frazier was not a target of any a felony, serious crime or placing someone's life in danger; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia and Maryland; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to conduct a traffic stop under these circumstances.

27.    As a direct and proximate result of the gross negligence of Defendant D.C. Plaintiff Greer Hodges, individually and as personal representative of Ahmad Givon Glenn incurred medical expenses, funeral expenses and burial expenses. As a further direct and proximate result of the gross negligence of Defendant D.C., Plaintiff Greer Hodges was denied financial benefits that she would have expected to receive from Ahmad Givon Glenn. Plaintiff Greer Hodges has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance. As a result of the collision and Defendant's gross negligence, Ahmad Givon Glenn suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

28.    The collision and the resulting suffering and death of Ahmad Givon Glenn and damages suffered were the direct and proximate result of the gross negligence of Defendant D.C. with not contributory negligence or assumption of the risk on his part or that of Plaintiff Greer Hodges.

29.    WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial.

### Count IV – Gross Negligence by Defendant District of Columbia – Survivorship

30.    Plaintiff Greer Hodges, individually and as personal representative of Ahmad Givon Glenn restates and re-allege each and every allegation set forth above as if fully set forth herein.

31.    Plaintiff Greer Hodges is the personal representative of the estate next of kin of Ahmad Givon Glenn and brings this survival action for the benefit of the estate of Ahmad Givon Glenn.

32.    The collision and resulting death of Ahmad Givon Glenn was the direct and proximate result of the gross negligence of police officers engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia and Maryland. Defendants police officer, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing James Frazier at extremely high speed through crowded streets in the District of Columbia especially when James Frazier was not a target of any a felony, serious crime or placing someone's life in danger; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia and Maryland; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to conduct a traffic stop under these circumstances.

33.    As a direct and proximate result of the gross negligence of Defendant D.C. Plaintiff Greer Hodges, individually and as personal representative of Ahmad Givon

Glenn incurred conscious pain and suffering, medical expenses, future financial loss, funeral expenses and burial expenses, medical and hospital expenses. As a further direct and proximate result of the gross negligence of Defendant D.C., Plaintiff Greer Hodges was denied financial benefits that she would have expected to receive from Ahmad Givon Glenn. Decedent suffered and will continue to suffer other damages, including but not limited to bodily injury, disabilities, disfigurement, inconvenience, discomfort, mental anguish, emotional pain and suffering.  As a result of the collision and Defendant's gross negligence, Ahmad Givon Glenn suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

34.    The collision and the resulting suffering and death of Ahmad Givon Glenn and damages suffered were the direct and proximate result of the gross negligence of Defendant D.C. with not contributory negligence or assumption of the risk on his part of that of Plaintiff Greer Hodges.

35.    Ahmad Givon Glenn's cause of action in gross negligence survives.

36.    As a direct and proximate result of the gross negligence of Defendant D.C., Ahmad Givon Glenn was killed and his estate has suffered damages, as set forth above, recoverable under the District of Columbia Survival Act.

37.    As a direct and proximate result of Defendant D.C.'s gross negligence, Ahmad Givon Glenn was killed, and Plaintiff Greer Hodges incurred funeral and burial expenses.

38.    Plaintiff Greer Hodges has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss

of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance.

39.    Ahmad Givon Glenn was killed and his estate has incurred medical expenses and funeral and burial expenses. Furthermore, Ahmad Givon Glenn suffered conscious pain, fright, suffering, and mental anguish.

The above injuries were proximately caused by Defendant D.C.'s gross negligence, without any contributory negligence or assumption of the risk on the part of Ahmad Givon Glenn or Plaintiff Greer Hodges.

WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial.

## Count V - Negligent Infliction of Emotional Distress

40.    Plaintiff Greer Hodges, individually and as personal representative of Ahmad Givon Glenn restates and re-alleges each and every allegation set forth above as if fully set forth herein.

41.    Plaintiff Greer Hodges' distress was and is extremely serious and is verifiable.

42.    Plaintiff Greer Hodges has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance.

WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial

## Count VI – Gross Negligence by Defendant District of Columbia – Wrongful Death

43.     Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill restates and re-allege each and every allegation set forth above as if fully set forth herein.

44.     The collision and resulting death of Shawn Ryan Terrill was the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential and commercial neighborhood with crowded streets in the District of Columbia and Maryland. Defendant's police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing the Impala driven by James Frazier, Jr. at extremely high speeds through crowded streets in the District of Columbia especially when the Impala driven by James Frazier, Jr. was not a target of any a felony, serious crime or placing someone's life in danger; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia and Maryland; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to conduct a traffic stop under these circumstances.

45.     As a direct and proximate result of the gross negligence of Defendant, Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill incurred medical expenses, funeral expenses and burial expenses. As a further direct and proximate result of the gross negligence of Defendant D.C. Plaintiff Celeste Terrill was denied financial benefits that she would have received from Shawn Ryan

13

Terrill. Plaintiff Celeste Terrill has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance. As a result of the collision and Defendant D.C.'s gross negligence, Shawn Ryan Terrill suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

46.    The collision and the resulting suffering and death of Shawn Ryan Terrill and damages suffered were the direct and proximate result of the gross negligence of Defendant D.C. with not contributory negligence or assumption of the risk on his part or that of the Plaintiff Celeste Terrill.

WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial.

## Count VII– Gross Negligence in Training And Supervision by Defendant District of Columbia

47.    Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill restates and re-allege each and every allegation set forth above as if fully set forth herein.

48.    At all times relevant, the police officers, agents and servants of Defendant D.C. involved in the collision that is the subject of this Complaint, were acting under the direction and control of, and pursuant to the rules, regulations, policies, and procedures of Defendant D.C.

49.    Defendant D.C. acted grossly negligent by failing to properly train, supervise, control direct, and monitor its police officers in their duties and responsibilities. Defendant D.C. knew, or in the exercise of reasonable care should have know, of the acts of gross negligence of its officers under their employ, and had the power, authority and responsibility to prevent such acts and/or to discontinue such acts by the exercise of reasonable care, but neglected and/or refused to do so.

50.    The collision and resulting death of Shawn Ryan Terrill were the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia and Maryland. Defendant D.C.'s police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing James Frazier, Jr. at extremely high speeds through crowded streets in the District of Columbia especially when Frazier was not a target of any a felony, serious crime or placing someone's life in danger; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia and Maryland; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to conduct a traffic stop under these circumstances.

51.    As a direct and proximate result of the gross negligence of Defendant D.C. Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill incurred medical expenses, funeral expenses and burial expenses. As a further

direct and proximate result of the gross negligence of Defendant D.C., Plaintiff Celeste Terrill was denied financial benefits that she would have expected to receive from Shawn Ryan Terrill. Plaintiff Celeste Terrill has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice and loss of counsel and guidance. As a result of the collision and Defendant D.C.'s gross negligence, Shawn Ryan Terrill suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

52.    The collision and the resulting suffering death of Shawn Ryan Terrill and damages suffered were the direct and proximate result of the gross negligence of Defendant D.C. with no contributory negligence or assumption of the risk on his part or that of Plaintiff Celeste Terrill.

WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial.

### Count VIII - Respondeat Superior

53.    Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill restates and re-allege each and every allegation set forth above as if fully set forth herein.

54.    The collision and resulting death of Shawn Ryan Terrill was the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia and Maryland. Defendant D.C.'s police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting

within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing James Frazier at extremely high speeds through crowded streets in the District of Columbia especially when James Frazier was not a target of any a felony, serious crime or placing someone's life in danger; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia and Maryland; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to conduct a traffic stop under these circumstances.

55.    As a direct and proximate result of the gross negligence of Defendant D.C. Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill incurred medical expenses, funeral expenses and burial expenses. As a further direct and proximate result of the gross negligence of Defendant D.C., Plaintiff Celeste Terrill was denied financial benefits that she would have expected to receive from Shawn Ryan Terrill. Plaintiff Celeste Terrill has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance. As a result of the collision and Defendant's gross negligence, Shawn Ryan Terrill suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

56.    The collision and the resulting suffering and death of Shawn Ryan Terrill and damages suffered were the direct and proximate result of the gross negligence of

Defendant D.C. with not contributory negligence or assumption of the risk on his part or that of Plaintiff Celeste Terrill.

WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial.

### Count IX – Gross Negligence by Defendant District of Columbia – Survivorship

57.    Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill restates and re-allege each and every allegation set forth above as if fully set forth herein.

58.    Plaintiff Celeste Terrill is the personal representative of the estate of Shawn Ryan Terrill and brings this survival action for the benefit of the estate of Shawn Ryan Terrill.

59.    The collision and resulting death of Shawn Ryan Terrill was the direct and proximate result of the gross negligence of police officers engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia and Maryland. Defendant D.C.'s police officer, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing James Frazier at extremely high speed through crowded streets in the District of Columbia especially when James Frazier was not a target of any a felony, serious crime or placing someone's life in danger; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of

Columbia and Maryland; (e) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to conduct a traffic stop under these circumstances.

60.    As a direct and proximate result of the gross negligence of Defendant D.C. Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill incurred medical expenses, funeral expenses and burial expenses. As a further direct and proximate result of the gross negligence of Defendant D.C., Plaintiff Celeste Terrill was denied financial benefits that she would have expected to receive from Shawn Ryan Terrill. Plaintiff Celeste Terrill has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance. As a result of the collision and Defendant's gross negligence, Shawn Ryan Terrill suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

61.    The collision and the resulting suffering and death of Shawn Ryan Terrill and damages suffered were the direct and proximate result of the gross negligence of Defendant D.C. with not contributory negligence or assumption of the risk on his part or that of Plaintiff Celeste Terrill.

62.    Shawn Ryan Terrill's cause of action in gross negligence survives.

63.    As a direct and proximate result of the gross negligence of Defendant D.C., Shawn Ryan Terrill was killed and his estate has suffered damages, as set forth above, recoverable under the District of Columbia Survival Act.

64.    As a direct and proximate result of Defendant D.C.'s gross negligence, Shawn Ryan Terrill was killed, and Plaintiff Celeste Terrill incurred funeral and burial expenses.

65.    Plaintiff Celeste Terrill has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance.

66.    Shawn Ryan Terrill was killed and his estate has incurred medical expenses and funeral and burial expenses. Furthermore, Shawn Ryan Terrill suffered conscious pain, fright, suffering, and mental anguish.

67.    The above injuries were proximately caused by Defendant D.C.'s gross negligence, without any contributory negligence or assumption of the risk on the part of Shawn Ryan Terrill or Plaintiff Celeste Terrill.

WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial.


## Count X - Negligent Infliction of Emotional Distress

68.    Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill restates and re-alleges each and every allegation set forth above as if fully set forth herein.

69.    Plaintiff Celeste Terrill's distress was and is extremely serious and is verifiable.

70.    Plaintiff Celeste Terrill has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance.

WHEREFORE, Plaintiff demands judgment against the Defendant based on the counts herein, in an amount to be determined at trial.


## Count XI – Gross Negligence by Defendant District of Columbia – Wrongful Death

71.    Plaintiff Shantalle Johnson, as mother and next of friend of Amari Johnson, a minor, daughter of Ahmad Givon Glenn restates and re-allege each and every allegation set forth above as if fully set forth herein.

72.    The collision and resulting death of Ahmad Givon Glenn was the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential and commercial neighborhood with crowded streets in the District of Columbia and Maryland. Defendants police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing the Impala driven by James Frazier, Jr. at extremely high speeds through crowded streets in the District of Columbia especially when the Impala driven by James Frazier, Jr. was not a target of any a felony, serious crime or placing someone's life in danger; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia and Maryland;

(c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to conduct a traffic stop under these circumstances.

73.    As a direct and proximate result of the gross negligence of Defendant, Plaintiff Shantalle Johnson, as mother and next friend of Amari Johnson, a minor, daughter of Ahmad Givon Glenn was denied financial benefits that she would have received from Ahmad Givon Glenn. Plaintiff Shantalle Johnson has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance. As a result of the collision and Defendant D.C.'s gross negligence, Ahmad Givon Glenn suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

74.    The collision and the resulting suffering and death of Ahmad Givon Glenn and damages suffered were the direct and proximate result of the gross negligence of Defendant D.C. with not contributory negligence or assumption of the risk on his part or that of the Plaintiff Shantalle Johnson.

75.    WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial.

## Count XII – Respondeat Superior

76.    Plaintiff Shantalle Johnson, as mother and next friend of Amari Johnson, a minor, daughter of Ahmad Givon Glenn restates and re-allege each and every allegation set forth above as if fully set forth herein.

77.    The collision and resulting death of Ahmad Givon Glenn was the direct and proximate result of the gross negligence of police officers in engaging in a high-speed chase through a residential neighborhood with crowded streets in the District of Columbia and Maryland. Defendant D.C.'s police officers, including the patrol officers, supervisors, shift commanders, and all others involved in the chain of command, acting within the course and scope of their employment as servants and/or employees of the District of Columbia, acted grossly negligent in (a) pursuing James Frazier at extremely high speeds through crowded streets in the District of Columbia especially when James Frazier was not a target of any a felony, serious crime or placing someone's life in danger; (b) failing to discontinue or safely discontinue the high-speed chase when it became obvious that this reckless pursuit was endangering the lives of innocent citizens of the District of Columbia and Maryland; (c) and otherwise failing to follow safe and generally accepted police procedures and policies in attempting to conduct a traffic stop under these circumstances.

78.    As a direct and proximate result of the gross negligence of Defendant D.C. Plaintiff Shantalle Johnson, as mother and next friend of Amari Johnson, a minor, daughter of Ahmad Givon Glenn was denied financial benefits that she would have expected to receive from Ahmad Givon Glenn. Plaintiff Shantalle Johnson has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance. As a result of the collision and Defendant's gross negligence, Ahmad Givon

Glenn suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

79.    The collision and the resulting suffering and death of Ahmad Givon Glenn and damages suffered were the direct and proximate result of the gross negligence of Defendant D.C. with not contributory negligence or assumption of the risk on his part or that of Plaintiff Shantalle Johnson.

80.    WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial.

### Count XIII - Negligent Infliction of Emotional Distress

81.    Plaintiff Shantalle Johnson, as mother and next friend of Amari Johnson, a minor, daughter of Ahmad Givon Glenn restates and re-alleges each and every allegation set forth above as if fully set forth herein.

82.    Plaintiff Shantalle Johnsons' distress was and is extremely serious and is verifiable.

83.    Plaintiff Shantalle Johnson has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance.

WHEREFORE, Plaintiff Shantalle Johnson demand judgment against Defendant based on the counts herein, in an amount to be determined at trial

## Count XIV – Negligence and Gross Negligence by Defendant James Frazier, Jr. – Wrongful Death

84.     Plaintiff Greer Hodges, individually and as personal representative of Ahmad Givon Glenn restates and re-allege each and every allegation set forth above as if fully set forth herein.

85.     The collision and resulting death of Ahmad Givon Glenn was the direct and proximate result of the negligence and gross negligence of James Bernardo Frazier, Jr. in speeding through a residential and commercial neighborhood with crowded streets in the District of Columbia and Maryland. Defendant James Bernardo Frazier, Jr. acted grossly negligent in (a) driving extremely high speeds through crowded streets in the District of Columbia; (b) failing to discontinue excessive speed when it was obvious that this reckless act was endangering the lives of innocent citizens of the District of Columbia and Maryland; (c) and otherwise failing to follow safe and generally accepted traffic rules and regulations in striking the vehicle of which Ahmad Givon Glenn was an occupant.

86.     As a direct and proximate result of the gross negligence of Defendant, Plaintiff Greer Hodges, individually and as personal representative of Ahmad Givon Glenn incurred medical expenses, funeral expenses and burial expenses. As a further direct and proximate result of the gross negligence of James Bernardo Frazier, Jr. Plaintiff Greer Hodges was denied financial benefits that she would have received from Ahmad Givon Glenn. Plaintiff Greer Hodges has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care,

loss of attention, loss of advice, and loss of counsel and guidance. As a result of the collision and Defendant James Bernardo Frazier, Jr. gross negligence, Ahmad Givon Glenn suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

87.    The collision and the resulting suffering and death of Ahmad Givon Glenn and damages suffered were the direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr. with no contributory negligence or assumption of the risk on his part or that of the Plaintiff Greer Hodges.

88.    WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial.

## Count XV – Negligence and Gross Negligence by Defendant James Frazier, Jr. – Survivorship

89.    Plaintiff Greer Hodges, individually and as personal representative of Ahmad Givon Glenn restates and re-allege each and every allegation set forth above as if fully set forth herein.

90.    Plaintiff Greer Hodges is the personal representative of the estate next of kin of Ahmad Givon Glenn and brings this survival action for the benefit of the estate of Ahmad Givon Glenn.

91.    The collision and resulting death of Ahmad Givon Glenn was the direct and proximate result of the gross negligence of James Bernardo Frazier, Jr. in speeding through a residential and commercial neighborhood with crowded streets in the District of Columbia and Maryland. Defendant James Bernardo Frazier, Jr. acted grossly negligent in (a) driving extremely high speeds through crowded streets in the District of

Columbia; (b) failing to discontinue excessive speed when it was obvious that this reckless act was endangering the lives of innocent citizens of the District of Columbia and Maryland; (c) and otherwise failing to follow safe and generally accepted traffic rules and regulations in striking the vehicle of which Ahmad Givon Glenn was an occupant.

92.    As a direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr. Plaintiff Greer Hodges, individually and as personal representative of Ahmad Givon Glenn incurred conscious pain and suffering, medical expenses, future financial loss, funeral expenses and burial expenses, medical and hospital expenses. As a further direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr. Plaintiff Greer Hodges was denied financial benefits that she would have expected to receive from Ahmad Givon Glenn. Decedent suffered and will continue to suffer other damages, including but not limited to bodily injury, disabilities, disfigurement, inconvenience, discomfort, mental anguish, emotional pain and suffering. As a result of the collision and Defendant's gross negligence, Ahmad Givon Glenn suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

93.    The collision and the resulting suffering and death of Ahmad Givon Glenn and damages suffered were the direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr. with no contributory negligence or assumption of the risk on his part of that of Plaintiff Greer Hodges.

94.    Ahmad Givon Glenn's cause of action in gross negligence survives.

95.     As a direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr., Ahmad Givon Glenn was killed and his estate has suffered damages, as set forth above, recoverable under the District of Columbia Survival Act.

96.     As a direct and proximate result of Defendant James Bernardo Frazier, Jr.'s gross negligence, Ahmad Givon Glenn was killed, and Plaintiff Greer Hodges incurred funeral and burial expenses.

97.     Plaintiff Greer Hodges has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance.

98.     Ahmad Givon Glenn was killed and his estate has incurred medical expenses and funeral and burial expenses. Furthermore, Ahmad Givon Glenn suffered conscious pain, fright, suffering, and mental anguish.

The above injuries were proximately caused by Defendant James Bernardo Frazier, Jr.'s gross negligence, without any contributory negligence or assumption of the risk on the part of Ahmad Givon Glenn or Plaintiff Greer Hodges.

WHEREFORE, Plaintiff demands judgment against the Defendant based on the counts herein, in an amount to be determined at trial.

## Count XVI – Negligence and Gross Negligence by Defendant James Frazier, Jr. – Wrongful Death

99.     Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill restates and re-allege each and every allegation set forth above as if fully set forth herein.

100.    The collision and resulting death of Shawn Ryan Terrill was the direct and proximate result of the negligence and gross negligence of James Bernardo Frazier, Jr. in speeding through a residential and commercial neighborhood with crowded streets in the District of Columbia and Maryland. Defendant James Bernardo Frazier, Jr. acted grossly negligent in (a) driving extremely high speeds through crowded streets in the District of Columbia; (b) failing to discontinue excessive speed when it was obvious that this reckless act was endangering the lives of innocent citizens of the District of Columbia and Maryland; (c) and otherwise failing to follow safe and generally accepted traffic rules and regulations in striking the vehicle of which Shawn Ryan Terrill was an occupant.

101.    As a direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr., Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill incurred medical expenses, funeral expenses and burial expenses. As a further direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr. Plaintiff Celeste Terrill was denied financial benefits that she would have received from Shawn Ryan Terrill. Plaintiff Celeste Terrill has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance. As a result of the collision and Defendant James Bernardo Frazier, Jr.'s gross negligence, Shawn Ryan Terrill suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

102.    The collision and the resulting suffering and death of Shawn Ryan Terrill and damages suffered were the direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr. with not contributory negligence or assumption of the risk on his part or that of the Plaintiff Celeste Terrill.

103.    WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial.

## Count XVII – Negligence and Gross Negligence by Defendant James Frazier, Jr. – Survivorship

104.    Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill restates and re-allege each and every allegation set forth above as if fully set forth herein.

105.    Plaintiff Celeste Terrill is the personal representative of the estate of Shawn Ryan Terrill and brings this survival action for the benefit of the estate of Shawn Ryan Terrill.

106.    The collision and resulting death of Shawn Ryan Terrill was the direct and proximate result of the negligence and gross negligence of James Bernardo Frazier, Jr. in speeding through a residential and commercial neighborhood with crowded streets in the District of Columbia and Maryland. Defendant James Bernardo Frazier, Jr. acted grossly negligent in (a) driving extremely high speeds through crowded streets in the District of Columbia; (b) failing to discontinue excessive speed when it was obvious that this reckless act was endangering the lives of innocent citizens of the District of Columbia and Maryland; (c) and otherwise failing to follow safe and generally accepted traffic rules and regulations in striking the vehicle of which Shawn Ryan Terrill was an occupant.

107.    As a direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr., Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill incurred medical expenses, funeral expenses and burial expenses. As a further direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr., Plaintiff Celeste Terrill was denied financial benefits that she would have expected to receive from Shawn Ryan Terrill. Plaintiff Celeste Terrill has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance. As a result of the collision and Defendant's gross negligence, Shawn Ryan Terrill suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

108.    The collision and the resulting suffering and death of Shawn Ryan Terrill and damages suffered were the direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr. with no contributory negligence or assumption of the risk on his part or that of Plaintiff Celeste Terrill.

109.    Shawn Ryan Terrill's cause of action in gross negligence survives.

110.    As a direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr., Shawn Ryan Terrill was killed and his estate has suffered damages, as set forth above, recoverable under the District of Columbia Survival Act.

111.    As a direct and proximate result of Defendant James Bernardo Frazier, Jr.'s gross negligence, Shawn Ryan Terrill was killed, and Plaintiff Celeste Terrill incurred funeral and burial expenses.

31

112.    Plaintiff Celeste Terrill has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance.

113.    Shawn Ryan Terrill was killed and his estate has incurred medical expenses and funeral and burial expenses. Furthermore, Shawn Ryan Terrill suffered conscious pain, fright, suffering, and mental anguish.

114.    The above injuries were proximately caused by Defendant James Bernardo Frazier, Jr.'s gross negligence, without any contributory negligence or assumption of the risk on the part of Shawn Ryan Terrill or Plaintiff Celeste Terrill.

WHEREFORE, Plaintiff demands judgment against the Defendant based on the counts herein, in an amount to be determined at trial.

## Count XVIII – Agency and Negligent Entrustment by Defendant Charles Bernard Perry, Jr.

115.    Plaintiff Greer Hodges, individually and as personal representative of Ahmad Givon Glenn restates and re-allege each and every allegation set forth above as if fully set forth herein.

116.    That Defendant Charles Bernard Perry, Jr. negligently entrusted the Defendant driver with the operation of the vehicle when he knew or should have known that the Defendant driver was likely to use it in a manner involving an unreasonable risk of harm to others.

117.    At all times relevant, Defendant James Bernardo Frazier, Jr. was operating a vehicle owned by Defendant Charles Bernard Perry, Jr. with the express permission and

consent, as the agent, servants, lessee or employee and with the scope of such agency or employment. Defendant Charles Bernard Perry, Jr. was negligent by and through the actions of his agent, servants, lessee or employee. Defendant James Bernardo Frazier, Jr.

118.    As a direct and proximate result of the gross negligence of Defendant Charles Bernard Perry, Jr. Plaintiff Greer Hodges, individually and as personal representative of Ahmad Givon Glenn incurred medical expenses, funeral expenses and burial expenses. As a further direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr., Plaintiff Greer Hodges was denied financial benefits that she would have expected to receive from Ahmad Givon Glenn. Plaintiff Greer Hodges has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance. As a result of the collision and Defendant's gross negligence, Ahmad Givon Glenn suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

119.    The collision and the resulting suffering and death of Ahmad Givon Glenn and damages suffered were the direct and proximate result of the gross negligence of Defendant Charles Bernard Perry, Jr. with no contributory negligence or assumption of the risk on his part or that of Plaintiff Greer Hodges.

120.    Ahmad Givon Glenn's cause of action in gross negligence survives.

121.    As a direct and proximate result of the gross negligence of Defendant Charles Bernard Perry, Jr., Ahmad Givon Glenn was killed and his estate has suffered damages, as set forth above, recoverable under the District of Columbia Survival Act.

122.    As a direct and proximate result of Defendant Charles Bernard Perry, Jr.'s gross negligence, Ahmad Givon Glenn was killed, and Plaintiff Greer Hodges incurred funeral and burial expenses.

123.    Plaintiff Greer Hodges has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance.

124.    Ahmad Givon Glenn was killed and his estate has incurred medical expenses and funeral and burial expenses. Furthermore, Ahmad Givon Glenn suffered conscious pain, fright, suffering, and mental anguish.

125.    The above injuries were proximately caused by Defendant Charles Bernard Perry, Jr.'s gross negligence, without any contributory negligence or assumption of the risk on the part of Ahmad Givon Glenn or Plaintiff Greer Hodges.

WHEREFORE, Plaintiff demands judgment against the Defendant based on the counts herein, in an amount to be determined at trial.


## Count XIX – Agency and Negligent Entrustment by Defendant Charles Bernard Perry, Jr.

126.    Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill restates and re-allege each and every allegation set forth above as if fully set forth herein.

127.    That Defendant Charles Bernard Perry, Jr. negligently entrusted the Defendant driver with the operation of the vehicle when he knew or should have known

that the Defendant driver was likely to use it in a manner involving an unreasonable risk of harm to others.

128. At all times relevant, Defendant James Bernardo Frazier, Jr. was operating a vehicle owned by Defendant Charles Bernard Perry, Jr. with the express permission and consent, as the agent, servants, lessee or employee and with the scope of such agency or employment. Defendant Charles Bernard Perry, Jr. was negligent by and through the actions of his agent, servants, lessee or employee, Defendant James Bernardo Frazier, Jr.

129. As a direct and proximate result of the gross negligence of Defendant Charles Bernard Perry, Jr. Plaintiff Celeste Terrill, individually and as personal representative of Shawn Ryan Terrill incurred medical expenses, funeral expenses and burial expenses. As a further direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr., Plaintiff Celeste Terrill was denied financial benefits that she would have expected to receive from Shawn Ryan Terrill. Plaintiff Celeste Terrill has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance. As a result of the collision and Defendant's gross negligence, Shawn Ryan Terrill suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

130. The collision and the resulting suffering and death of Shawn Ryan Terrill and damages suffered were the direct and proximate result of the gross negligence of Defendant Charles Bernard Perry, Jr. with no contributory negligence or assumption of the risk on his part or that of Plaintiff Celeste Terrill.

131.    Shawn Ryan Terrill's cause of action in gross negligence survives.

132.    As a direct and proximate result of the gross negligence of Defendant Charles Bernard Perry, Jr., Shawn Ryan Terrill was killed and his estate has suffered damages, as set forth above, recoverable under the District of Columbia Survival Act.

133.    As a direct and proximate result of Defendant Charles Bernard Perry, Jr.'s gross negligence, Shawn Ryan Terrill was killed, and Plaintiff Celeste Terrill incurred funeral and burial expenses.

134.    Plaintiff Celeste Terrill has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance.

135.    Shawn Ryan Terrill was killed and his estate has incurred medical expenses and funeral and burial expenses. Furthermore, Shawn Ryan Terrill suffered conscious pain, fright, suffering, and mental anguish.

136.    The above injuries were proximately caused by Defendant Charles Bernard Perry, Jr.'s gross negligence, without any contributory negligence or assumption of the risk on the part of Shawn Ryan Terrill or Plaintiff Celeste Terrill.

WHEREFORE, Plaintiff demands judgment against the Defendant based on the counts herein, in an amount to be determined at trial.

**Count XX – Negligence and Gross Negligence by Defendant James Frazier, Jr. –**
**Wrongful Death**

137.    Plaintiff Shantalle Johnson, as mother and next friend of Amari Johnson, a minor, daughter of Ahmad Givon Glenn restates and re-allege each and every allegation set forth above as if fully set forth herein.

138.    The collision and resulting death of Ahmad Givon Glenn was the direct and proximate result of the negligence and gross negligence of James Bernardo Frazier, Jr. in speeding through a residential and commercial neighborhood with crowded streets in the District of Columbia and Maryland. Defendant James Bernardo Frazier, Jr. acted grossly negligent in (a) driving extremely high speeds through crowded streets in the District of Columbia; (b) failing to discontinue excessive speed when it was obvious that this reckless act was endangering the lives of innocent citizens of the District of Columbia and Maryland; (c) and otherwise failing to follow safe and generally accepted traffic rules and regulations in striking the vehicle of which Ahmad Givon Glenn was an occupant.

139.    As a direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr., Plaintiff Shantalle Johnson, was denied financial benefits that she would have received from Ahmad Givon Glenn. Plaintiff Shantalle Johnson has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance. As a result of the collision and Defendant James Bernardo Frazier,

Jr.'s gross negligence, Ahmad Givon Glenn suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

40.    The collision and the resulting suffering and death of Ahmad Givon Glenn and damages suffered were the direct and proximate result of the gross negligence of Defendant James Bernardo Frazier, Jr. with not contributory negligence or assumption of the risk on his part or that of the Plaintiff Shantalle Johnson.

141.    WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial.

## Count XXI – Agency and Negligent Entrustment by Defendant Charles Bernard Perry, Jr.

142.    Plaintiff Shantalle Johnson, as mother and next friend of Amari Johnson, a minor, daughter of Ahmad Givon Glenn restates and re-allege each and every allegation set forth above as if fully set forth herein.

143.    That Defendant Charles Bernard Perry, Jr. negligently entrusted the Defendant driver with the operation of the vehicle when he knew or should have known that the Defendant driver was likely to use it in a manner involving an unreasonable risk of harm to others.

144.    At all times relevant, Defendant James Bernardo Frazier, Jr. was operating a vehicle owned by Defendant Charles Bernard Perry, Jr. with the express permission and consent, as the agent, servants, lessee or employee and with the scope of such agency or employment. Defendant Charles Bernard Perry, Jr. was negligent by and through the actions of his agent, servants, lessee or employee, Defendant James Bernardo Frazier, Jr.

145.    As a direct and proximate result of the gross negligence of Defendant Charles Bernard Perry, Jr. Plaintiff Shantalle Johnson, as mother and next friend of Amari Johnson, a minor, daughter of Ahmad Givon Glenn was denied financial benefits that she would have expected to receive from Ahmad Givon Glenn. Plaintiff Shantalle Johnson has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance. As a result of the collision and Defendant's gross negligence, Ahmad Givon Glenn suffered severe great pain, suffering, fright, mental anguish, embarrassment, disfigurement and death.

146.    The collision and the resulting suffering and death of Ahmad Givon Glenn and damages suffered were the direct and proximate result of the gross negligence of Defendant Charles Bernard Perry, Jr. with no contributory negligence or assumption of the risk on his part or that of Plaintiff Shantalle Johnson.

147.    Ahmad Givon Glenn's cause of action in gross negligence survives.

148.    As a direct and proximate result of the gross negligence of Defendant Charles Bernard Perry, Jr., Ahmad Givon Glenn was killed and his estate has suffered damages, as set forth above, recoverable under the District of Columbia Survival Act.

149.    Plaintiff Shantalle Johnson has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance.

150.    Ahmad Givon Glenn was killed and his estate has incurred medical expenses and funeral and burial expenses. Furthermore, Ahmad Givon Glenn suffered conscious pain, fright, suffering, and mental anguish.

151.    The above injuries were proximately caused by Defendant Charles Bernard Perry, Jr.'s gross negligence, without any contributory negligence or assumption of the risk on the part of Ahmad Givon Glenn or Plaintiff Shantalle Johnson.

WHEREFORE, Plaintiff demands judgment against Defendant based on the counts herein, in an amount to be determined at trial.


Dated:    11/16/07


RESPECTFULLY SUBMITTED


David B. Ginsburg, # 422435
J.E. Wingfield & Associates, P.C.
700 5th Street, NW, Suite 300
Washington, DC 20001
(202) 789-8000

Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs Greer Hodges, Celeste Terrill, and Shantalle Johnson, by and through the undersigned counsel hereby demand a trial by jury of all issues in this matter.

Dated:   11/16/07

RESPECTFULLY SUBMITTED

David B. Ginsburg, # 422435
J.E. Wingfield & Associates, P.C.
700 5th Street, NW, Suite 300
Washington, DC 20001
(202) 789-8000

Attorney for Plaintiffs

# CIVIL COVER SHEET

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Greer Hodges<br>Celeste Terrall<br>Shinnelle Johnson | The District of Columbia, A Municipal Corporation<br>Office of the Attorney General<br>James Burrard, Frazier, Jr. Warden<br>Charles Berton, Perry, Jr. |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ____88838____
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** ____11001____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

David B. Ginsburg
700 5th Street, NW Ste 300
Washington, DC 20001
(202) 789-8000 ext 121

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

- ○ 1 U.S. Government
  Plaintiff
- ○ 2 U.S. Government
  Defendant
- ○ 3 Federal Question
  (U.S. Government Not a Party)
- ⊙ 4 Diversity
  (Indicate Citizenship of
  Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ⊙ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

- ☐ 410 Antitrust

☒ **B. Personal Injury/Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Wrongful death and survivorship actions for D.C. Police car chase.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint

JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 11/16/07   SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.