## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
|  |  |
|---|---|
| GREER HODGES, *et al*, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) C.A. No. 07-2091 (JR) |
| v. | ) |
|  | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
|  | ) |
| Defendants. | ) |
_____ )

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT**

COMES NOW Defendant District of Columbia (the "District"), by and through undersigned counsel, and hereby answers Plaintiffs' Complaint as follows:

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

As to each of the numbered paragraphs of the Complaint, the District specifically answers as follows:

**PARTIES**

1.      The District is without sufficient information with which to form a belief as to the truth of falsity of the allegations contained in Paragraph 1 of the Complaint. On that basis, the District denies the allegations contained in Paragraph 1.

2.      The District admits that it is a government body and organized pursuant to the laws of the United States.

3.    The District is without sufficient information with which to form a belief as to the truth of falsity of the allegations contained in Paragraph 3 of the Complaint. On that basis, the District denies the allegations contained in Paragraph 3.

4.    The District is without sufficient information with which to form a belief as to the truth of falsity of the allegations contained in Paragraph 4 of the Complaint. On that basis, the District denies the allegations contained in Paragraph 4.

## JURISDICTION

5.    The District admits that Paragraph 5 of the Complaint contains a jurisdictional provision, but denies that it necessarily confers jurisdiction over this Defendant.

## FACTUAL BACKGROUND

6.    The District admits that members of the District of Columbia police initiated a pursuit of a Chevrolet Impala on December 3, 2006 owned by Charles Bernard Perry and driven by James Bernardo Frazier, Jr., but denies that the pursuit was necessarily improper.

7.    The District admits the allegations contained in Paragraph 7 of the Complaint.

8.    The District admits the allegations contained in Paragraph 8 of the Complaint.

9.    The District is without sufficient information with which to form a belief as to the truth of falsity of the allegations contained in Paragraph 9 of the Complaint. On that basis, the District denies the allegations contained in Paragraph 9.

10.     The District denies the allegations contained within Paragraph 10 of the Complaint.

11.     The District is without sufficient information with which to form a belief as to the truth of falsity of the allegations contained in Paragraph 11 of the Complaint with respect to the nature and extent of injuries allegedly suffered by Shawn Ryan Terrill and Ahmad Givon Glenn.  On that basis, the District denies the allegations contained in Paragraph 11 with respect to the nature and extent of said injuries.  The remainder of Paragraph 11 contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the remainder of Paragraph 11.

12.     Paragraph 12 of the Complaint contains a demand for judgment to which no response is required.  To the extent a response is required, the District denies the same.

### Count I – Gross Negligence by Defendant District of Columbia – Wrongful Death

13.     The District restates and incorporates by reference its responses to Paragraphs 1 through 12 above, as if fully set forth herein.

14.     Paragraph 14 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

15.     Paragraph 15 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

16.     Paragraph 16 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

17.    Paragraph 17 of the Complaint contains a demand for judgment to which no response is required.  To the extent a response is required, the District denies the same.

### Count II – Gross Negligence in Training and Supervision by Defendant District of Columbia

18.    The District restates and incorporates by reference its responses to Paragraphs 1 through 17 above, as if fully set forth herein.

19.    The District admits the allegations contained in Paragraph 19 of the Complaint.

20.    The District denies the allegations contained in Paragraph 20 of the Complaint.

21.    Paragraph 21 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

22.    Paragraph 22 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

23.    Paragraph 23 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

24.    Paragraph 24 of the Complaint contains a demand for judgment to which no response is required.  To the extent a response is required, the District denies the same.

### Count III – Respondeat Superior

25.    The District restates and incorporates by reference its responses to Paragraphs 1 through 24 above, as if fully set forth herein.

26.     Paragraph 26 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

27.     Paragraph 27 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

28.     Paragraph 28 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

29.     Paragraph 29 of the Complaint contains a demand for judgment to which no response is required.  To the extent a response is required, the District denies the same.

### Count IV – Gross Negligence by Defendant District of Columbia - Survivorship

30.     The District restates and incorporates by reference its responses to Paragraphs 1 through 29, above, as if fully set forth herein.

31.     The District is without sufficient information with which to form a belief as to the truth of falsity of the allegations contained in Paragraph 31 of the Complaint. On that basis, the District denies the allegations contained in Paragraph 31.

32.     Paragraph 32 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

33.     Paragraph 33 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

34.     Paragraph 34 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

35.     Paragraph 35 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

36.     Paragraph 36 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

37.     Paragraph 37 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

38.     The District denies the allegations contained in Paragraph 38 of the Complaint.

39.     The District admits that Ahmad Givon Glenn was killed.  The District is without sufficient information with which to form a belief as to the truth of falsity of the remaining allegations contained in Paragraph 39 of the Complaint.  On that basis, the District denies the remaining allegations contained in Paragraph 39.

**Count V – Negligent Infliction of Emotional Distress**

40.     The District restates and incorporates by reference its responses to Paragraphs 1 through 39, above, as if fully set forth herein.

41.     The District has filed a Motion to Dismiss this Count; thus, no response to these allegations is required.  To the extent a response is required, the District denies the same.

42.     The District has filed a Motion to Dismiss this Count; thus, no response to these allegations is required.  To the extent a response is required, the District denies the same.

**Count VI – Gross Negligence by Defendant District of Columbia – Wrongful Death**

43.     The District restates and incorporates by reference its responses to Paragraphs 1 through 42, above, as if fully set forth herein.

44.    Paragraph 44 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

45.    Paragraph 45 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

46.    Paragraph 46 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

**Count VII – Gross Negligence in Training and Supervision by Defendant District of Columbia**

47.    The District restates and incorporates by reference its responses to Paragraphs 1 through 46, above, as if fully set forth herein.

48.    The District admits the allegations contained in Paragraph 48 of the Complaint.

49.    The District denies the allegations contained in Paragraph 49 of the Complaint.

50.    Paragraph 50 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

51.    Paragraph 51 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

52.    Paragraph 52 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

**Count VIII – Respondeat Superior**

53.    The District restates and incorporates by reference its responses to Paragraphs 1 through 52, above, as if fully set forth herein.

54.    Paragraph 54 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

55.    Paragraph 55 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

56.    Paragraph 56 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

**Count IX – Gross Negligence by Defendant District of Columbia - Survivorship**

57.    The District restates and incorporates by reference its responses to Paragraphs 1 through 56, above, as if fully set forth herein.

58.    The District is without sufficient information with which to form a belief as to the truth of falsity of the allegations contained in Paragraph 58 of the Complaint. On that basis, the District denies the allegations contained in Paragraph 58.

59.    Paragraph 59 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

60.    Paragraph 60 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

61.    Paragraph 61 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

62.    Paragraph 62 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

63.    Paragraph 63 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

64.     Paragraph 64 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

65.     Paragraph 65 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

66.     The District admits that Shawn Ryan Terrill was killed.  The District is without sufficient information with which to form a belief as to the truth of falsity of the remaining allegations contained in Paragraph 66of the Complaint.  On that basis, the District denies the remaining allegations contained in Paragraph 66.

67.     Paragraph 67 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

### Count X – Negligent Infliction of Emotional Distress

68.     The District restates and incorporates by reference its responses to Paragraphs 1 through 67, above, as if fully set forth herein.

69.     The District has filed a Motion to Dismiss this Count; thus, no response to these allegations is required.  To the extent a response is required, the District denies the same.

70.     The District has filed a Motion to Dismiss this Count; thus, no response to these allegations is required.  To the extent a response is required, the District denies the same.

### Count XI – Gross Negligence by Defendant District of Columbia – Wrongful Death

71.     The District restates and incorporates by reference its responses to Paragraphs 1 through 70, above, as if fully set forth herein.

72.    Paragraph 72 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

73.    Paragraph 73 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

74.    Paragraph 74 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

75.    Paragraph 75 of the Complaint contains a demand for judgment to which no response is required.  To the extent a response is required, the District denies the same.

### Count XII – Respondeat Superior

76.    The District restates and incorporates by reference its responses to Paragraphs 1 through 75, above, as if fully set forth herein.

77.    Paragraph 77 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

78.    Paragraph 78 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

79.    Paragraph 79 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

80.    Paragraph 80 of the Complaint contains a demand for judgment to which no response is required.  To the extent a response is required, the District denies the same.

### Count XIII – Negligent Infliction of Emotional Distress

81.    The District restates and incorporates by reference its responses to Paragraphs 1 through 80, above, as if fully set forth herein.

82.    The District has filed a Motion to Dismiss this Count; thus, no response to these allegations is required.  To the extent a response is required, the District denies the same.

83.    The District has filed a Motion to Dismiss this Count; thus, no response to these allegations is required.  To the extent a response is required, the District denies the same.

## Count XIV – Negligence and Gross Negligence by Defendant James Frazier, Jr. - Wrongful Death

84.    The District restates and incorporates by reference its responses to Paragraphs 1 through 83, above, as if fully set forth herein.

85.    The allegations contained in Paragraph 85 do not relate to the District; thus, the District need not respond to Paragraph 85.

86.    The allegations contained in Paragraph 86 do not relate to the District; thus, the District need not respond to Paragraph 86.

87.    The allegations contained in Paragraph 87 do not relate to the District; thus, the District need not respond to Paragraph 87.

88.    Paragraph 88 of the Complaint contains a demand for judgment to which no response is required.  To the extent a response is required, the District denies the same.

## Count XV – Negligence and Gross Negligence by Defendant James Frazier, Jr. – Survivorship

89.     The District restates and incorporates by reference its responses to Paragraphs 1 through 88, above, as if fully set forth herein.

90.     The allegations contained in Paragraph 90 do not relate to the District; thus, the District need not respond to Paragraph 90.

91.     The allegations contained in Paragraph 91 do not relate to the District; thus, the District need not respond to Paragraph 91.

92.     The allegations contained in Paragraph 92 do not relate to the District; thus, the District need not respond to Paragraph 92.

93.     The allegations contained in Paragraph 93 do not relate to the District; thus, the District need not respond to Paragraph 93.

94.     The allegations contained in Paragraph 94 do not relate to the District; thus, the District need not respond to Paragraph 94.

95.     The allegations contained in Paragraph 95 do not relate to the District; thus, the District need not respond to Paragraph 95.

96.     The allegations contained in Paragraph 96 do not relate to the District; thus, the District need not respond to Paragraph 96.

97.     The allegations contained in Paragraph 97 do not relate to the District; thus, the District need not respond to Paragraph 97.

98.     The allegations contained in Paragraph 98 do not relate to the District; thus, the District need not respond to Paragraph 98.

**Count XVI – Negligence and Gross Negligence by Defendant James Frazier, Jr. – Wrongful Death**

99.     The District restates and incorporates by reference its responses to Paragraphs 1 through 98, above, as if fully set forth herein.

100.    The allegations contained in Paragraph 100 do not relate to the District; thus, the District need not respond to Paragraph 100.

101.    The allegations contained in Paragraph 101 do not relate to the District; thus, the District need not respond to Paragraph 101.

102.    The allegations contained in Paragraph 102 do not relate to the District; thus, the District need not respond to Paragraph 102.

103.    Paragraph 103 of the Complaint contains a demand for judgment to which no response is required.  To the extent a response is required, the District denies the same.

### Count XVII – Negligence and Gross Negligence by Defendant James Frazier, Jr. – Survivorship

104.    The District restates and incorporates by reference its responses to Paragraphs 1 through 103, above, as if fully set forth herein.

105.    The allegations contained in Paragraph 105 do not relate to the District; thus, the District need not respond to Paragraph 105.

106.    The allegations contained in Paragraph 106 do not relate to the District; thus, the District need not respond to Paragraph 106.

107.    The allegations contained in Paragraph 107 do not relate to the District; thus, the District need not respond to Paragraph 107.

108.    The allegations contained in Paragraph 108 do not relate to the District; thus, the District need not respond to Paragraph 108.

109.    The allegations contained in Paragraph 109 do not relate to the District; thus, the District need not respond to Paragraph 109.

110.    The allegations contained in Paragraph 110 do not relate to the District; thus, the District need not respond to Paragraph 110.

111.    The allegations contained in Paragraph 111 do not relate to the District; thus, the District need not respond to Paragraph 111.

112.    The allegations contained in Paragraph 112 do not relate to the District; thus, the District need not respond to Paragraph 112.

113.    The allegations contained in Paragraph 113 do not relate to the District; thus, the District need not respond to Paragraph 113.

114.    The allegations contained in Paragraph 114 do not relate to the District; thus, the District need not respond to Paragraph 114.

## Count XVIII – Agency and Negligent Entrustment by Defendant Charles Bernard Perry, Jr.

115.    The District restates and incorporates by reference its responses to Paragraphs 1 through 114, above, as if fully set forth herein.

116.    The allegations contained in Paragraph 116 do not relate to the District; thus, the District need not respond to Paragraph 116.

117.    The allegations contained in Paragraph 117 do not relate to the District; thus, the District need not respond to Paragraph 117.

118.    The allegations contained in Paragraph 118 do not relate to the District; thus, the District need not respond to Paragraph 118.

119.    The allegations contained in Paragraph 119 do not relate to the District; thus, the District need not respond to Paragraph 119.

120.    The allegations contained in Paragraph 120 do not relate to the District; thus, the District need not respond to Paragraph 120.

121.    The allegations contained in Paragraph 121 do not relate to the District; thus, the District need not respond to Paragraph 121.

122.    The allegations contained in Paragraph 122 do not relate to the District; thus, the District need not respond to Paragraph 122.

123.    The allegations contained in Paragraph 123 do not relate to the District; thus, the District need not respond to Paragraph 123.

124.    The allegations contained in Paragraph 124 do not relate to the District; thus, the District need not respond to Paragraph 124.

125.    The allegations contained in Paragraph 125 do not relate to the District; thus, the District need not respond to Paragraph 125.

## Count XIX – Agency and Negligent Entrustment by Defendant Charles Bernard Perry, Jr.

126.    The District restates and incorporates by reference its responses to Paragraphs 1 through 125, above, as if fully set forth herein.

127.    The allegations contained in Paragraph 127 do not relate to the District; thus, the District need not respond to Paragraph 127.

128.    The allegations contained in Paragraph 128 do not relate to the District; thus, the District need not respond to Paragraph 128.

129.    The allegations contained in Paragraph 129 do not relate to the District; thus, the District need not respond to Paragraph 129.

130.    The allegations contained in Paragraph 130 do not relate to the District; thus, the District need not respond to Paragraph 130.

131.    The allegations contained in Paragraph 131 do not relate to the District; thus, the District need not respond to Paragraph 131.

132.    The allegations contained in Paragraph 132 do not relate to the District; thus, the District need not respond to Paragraph 132.

133.    The allegations contained in Paragraph 133 do not relate to the District; thus, the District need not respond to Paragraph 133.

134.    The allegations contained in Paragraph 134 do not relate to the District; thus, the District need not respond to Paragraph 134.

135.    The allegations contained in Paragraph 135 do not relate to the District; thus, the District need not respond to Paragraph 135.

136.    The allegations contained in Paragraph 136 do not relate to the District; thus, the District need not respond to Paragraph 136.

## Count XX – Negligence and Gross Negligence by Defendant James Frazier, Jr. – Wrongful Death

137.    The District restates and incorporates by reference its responses to Paragraphs 1 through 136, above, as if fully set forth herein.

138.    The allegations contained in Paragraph 138 do not relate to the District; thus, the District need not respond to Paragraph 138.

139.    The allegations contained in Paragraph 139 do not relate to the District; thus, the District need not respond to Paragraph 139.

140.    The allegations contained in Paragraph 140 do not relate to the District; thus, the District need not respond to Paragraph 140.

141.    Paragraph 141 of the Complaint contains a demand for judgment to which no response is required.  To the extent a response is required, the District denies the same.

**Count XXI – Agency and Negligent Entrustment by Defendant Charles Bernard Perry, Jr.**

142.    The District restates and incorporates by reference its responses to Paragraphs 1 through 141, above, as if fully set forth herein.

143.    The allegations contained in Paragraph 143 do not relate to the District; thus, the District need not respond to Paragraph 143.

144.    The allegations contained in Paragraph 144 do not relate to the District; thus, the District need not respond to Paragraph 144.

145.    The allegations contained in Paragraph 145 do not relate to the District; thus, the District need not respond to Paragraph 145.

146.    The allegations contained in Paragraph 146 do not relate to the District; thus, the District need not respond to Paragraph 146.

147.    The allegations contained in Paragraph 147 do not relate to the District; thus, the District need not respond to Paragraph 147.

148.    The allegations contained in Paragraph 148 do not relate to the District; thus, the District need not respond to Paragraph 148.

149.    The allegations contained in Paragraph 149 do not relate to the District; thus, the District need not respond to Paragraph 149.

150.    The allegations contained in Paragraph 150 do not relate to the District; thus, the District need not respond to Paragraph 150.

151.    The allegations contained in Paragraph 151 do not relate to the District; thus, the District need not respond to Paragraph 151.

The District of Columbia denies any allegation in the Complaint not specifically admitted above.

## Third Defense

The District of Columbia denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, gross negligence, deliberate indifference, and unconstitutional policy or custom.

## Fourth Defense

The District of Columbia, its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards Plaintiffs in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

## Fifth Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries were the result of their own intentional, illegal and/or otherwise wrongful conduct.

## Sixth Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than the District of Columbia, its agents, employees, and/or servants acting within the scope of their employment.

## Seventh Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of their own sole or contributory negligence and/or their assumption of the risk.

**Eighth Defense**

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of a person or persons other than the District of Columbia, its employees, agents and servants acting within the scope of their employment.

**Ninth Defense**

If Plaintiffs were injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the Plaintiffs' sole, joint, or concurring negligence with a person or persons other than the District of Columbia, its agents, employees or servants acting within the scope of employment.

**Tenth Defense**

At all times relevant herein, the District of Columbia, its employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

**Eleventh Defense**

The District of Columbia asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

**Twelfth Defense**

Acts or omissions of the District of Columbia, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

**Thirteenth Defense**

Plaintiffs may have failed to fully comply with the mandatory notice requirements of D.C. Code Section 12-309 (1981).

### Fourteenth Defense

Plaintiffs may have failed to mitigate their damages.

### Fifteenth Defense

Plaintiffs' claims are barred by collateral estoppel and res judicata.

### Sixteenth Defense

Plaintiffs may have failed to comply with the statute of limitations.

### Seventeenth Defense

Plaintiffs are not entitled to punitive damages.

The District of Columbia reserves the right to amend its Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

### Set-off

The District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiffs, including medical care.

### Jury Demand

The District of Columbia hereby demands a trial by jury.


WHEREFORE, having fully answered the complaint filed herein, Defendant District of Columbia prays that the same be dismissed, and that it recovers its costs of suit expended herein.

### DISTRICT OF COLUMBIA'S CROSS CLAIM AGAINST JAMES BERNARDO FRAZIER, JR.

Defendant District of Columbia ("District"), cross-claims against Defendant James Bernardo Frazier, Jr., in accordance with Fed. R. Civ. P. 13, as follows:

1.     Plaintiff has also sued Defendant Frazier.  Defendant Frazier was served with process in this matter by plaintiff on December 7, 2007.  *See* Dkt. Entry # 4 (Return of Service/Affidavit).  Defendant Frazier's Answer was due on December 27, 2007.

2.     Defendant Frazier was operating the vehicle that struck and killed Ahmad Givon Glenn and Shawn Ryan Terrill on December 3, 2006.

3.     Defendant Frazier owed a duty to Mr. Glenn and Mr. Terrill to act reasonably.  Defendant Frazier breached that duty by operating the vehicle he was driving in a reckless and negligent manner.  As a direct and proximate result of this breach, Messrs. Glenn and Terrill were struck and killed, thereby resulting in damages to Plaintiffs.

4.     Because Defendant Frazier was the negligent party, the District hereby asserts this claim against Defendant Frazier for indemnification for any judgment or settlement against the District in this matter, including attorney's fees.

## Jury Demand

The District of Columbia hereby demands a trial by jury.

WHEREFORE, Defendant District of Columbia demands judgment against co-defendant James Bernardo Frazier, Jr. for any judgment or settlement recovered by plaintiffs against Defendant District of Columbia, and for its costs and expenses in defending plaintiffs' action.

## DISTRICT OF COLUMBIA'S CROSS CLAIM AGAINST
## CHARLES BERNARD PERRY, JR.

1.     Plaintiff has also sued Defendant Perry.  Defendant Perry was served with process in this matter by plaintiff on November 26, 2007.  *See* Dkt. Entry # 4 (Return of Service/Affidavit).  Defendant Perry's Answer was due on December 17, 2007.

2.     Defendant Perry owned the vehicle that was operated by Defendant Frazier when Defendant Frazier was operating the vehicle that struck and killed Ahmad Givon Glenn and Shawn Ryan Terrill on December 3, 2006.

3.     Defendant Perry negligently entrusted Defendant Frazier with his vehicle as set forth in Plaintiffs' Complaint against Defendant Perry.  As a direct and proximate result of Defendant Perry's negligent entrustment, Messrs. Glenn and Terrill were struck and killed, thereby resulting in damages to Plaintiffs.

4.     Because Defendant Perry was the negligent party, the District hereby asserts this claim against Defendant Perry for indemnification for any judgment or settlement against the District in this matter, including attorney's fees.

### **Jury Demand**

The District of Columbia hereby demands a trial by jury.

WHEREFORE, Defendant District of Columbia demands judgment against co-defendant Charles Bernard Perry for any judgment or settlement recovered by plaintiffs against Defendant District of Columbia, and for its costs and expenses in defending plaintiffs' action.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

＿＿/s/  Nicole L. Lynch＿＿＿＿＿＿＿＿＿＿
NICOLE L. LYNCH (471953)
Chief, Section II


＿＿/s/  Shana L. Frost＿＿＿＿＿＿＿＿＿＿＿
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov