UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREER HODGES, *et al*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) C.A. No. 07-2091 (JR) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS COUNTS
FIVE, TEN AND THIRTEEN OF THE COMPLAINT**

Defendant District of Columbia, by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully requests that this Court dismiss Counts V, X, and XIII of Plaintiffs' Complaint, which assert causes of action for negligent infliction of emotional distress. As explained more fully in the accompanying Memorandum of Points and Authorities, the individual Plaintiffs cannot assert claims for negligent infliction of emotional distress on their own behalf as they were not within the zone of physical danger as the elements of the tort require. Thus, as a matter of law, these claims must be dismissed.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

   /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


   /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREER HODGES**, *et al*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. 07-2091 (JR) |
| v. ) | |
| ) | |
| **DISTRICT OF COLUMBIA**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS COUNTS FIVE, TEN AND THIRTEEN OF THE COMPLAINT**

Defendant District of Columbia (the "District"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully requests that this Court dismiss Counts V, X, and XIII of Plaintiffs' Complaint, which assert causes of action for negligent infliction of emotional distress. As explained more fully herein, the individual Plaintiffs cannot assert claims for negligent infliction of emotional distress on their own behalf as they were not within the zone of physical danger as the elements of the tort require.

**I.    FACTUAL BACKGROUND**

On December 3, 2006, Ahmad Givon Glenn and Shawn Ryan Terrill were killed in a car accident when the vehicle in which they were traveling was struck by a car owned by Defendant Charles Bernard Perry, Jr. and operated by Defendant James Bernardo Frazier, Jr. Compl. ¶¶ 6-11. Plaintiff Greer Hodges is the Personal Representative of the Estate of Ahmad Givon Glenn. Compl. ¶ 31. Plaintiff Celeste Terrill is the Personal Representative of the Estate of Shawn Ryan Terrill. Compl. ¶ 58.

Plaintiff Shantalle Johnson is the mother and next friend of Amari Johnson, a minor, who is alleged to be the daughter of Mr. Glenn.  Compl. ¶ 71.

Plaintiffs allege that prior to the accident members of the Metropolitan Police Department had engaged in an unlawful police pursuit of the vehicle driven by Defendant Frazier, and that the officers' actions were grossly negligent and caused the accident that resulted in the deaths of Mr. Glenn and Mr. Terrill.  *See* Compl. *passim*.  In addition to asserting causes of action against the District for gross negligence, negligent training and supervision, wrongful death and survivorship, each Plaintiff brings a cause of action for negligent infliction of emotional distress.  Specifically, in support of his claim for negligent infliction of emotional distress, Plaintiff Hodges alleges as follows:

> 41.  Plaintiff Greer Hodges' distress was and is extremely serious and is verifiable.
>
> 42.  Plaintiff Greer Hodges has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance.

Compl. ¶¶ 41-42.  Similarly, Plaintiff Terrill alleges as follows in support of her claim for negligent infliction of emotional distress:

> 69.  Plaintiff Celeste Terrill's distress was and is extremely serious and is verifiable.
>
> 70.  Plaintiff Celeste Terrill has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance.

Compl. ¶¶ 69-70.  Finally, Plaintiff Johnson alleges as follows in support of her claim for negligent infliction of emotional distress:

2

> 82. Plaintiff Shantalle Johnsons' distress was and is extremely serious and is verifiable.
>
> 83. Plaintiff Shantalle Johnson has suffered and will continue to suffer other damages, including but not limited to mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, and loss of counsel and guidance.

Compl. ¶¶82-83.  Plaintiffs have offered no other allegations pertaining to their claims of negligent infliction of emotional distress.  Specifically – and fatally to their claims – Plaintiffs have failed to allege that they were within the zone of physical danger that resulted in the alleged emotional distress.

II.   **STANDARD OF REVIEW**

For many years, the oft-cited standard of review in determining the sufficiency of a complaint when faced with a motion to dismiss was that set forth by the Supreme Court in *Conley v. Gibson*: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  355 U.S. 41, 45-46 (1957).

However, in the recent Supreme Court case of *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955 (2007), the Court re-examined *Conley*, observing that "*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough." *Bell Atlantic*, 127 S. Ct. at 1969.  The Court concluded that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Conley,* then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."  *Id.* (citations omitted).

3

The Supreme Court in *Bell Atlantic* stated that a statement of grounds on which a complaint rests "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Rather, the Court now imposes a "plausibility" standard when judging the sufficiency of a complaint in the face of a motion to dismiss. *Id.* In reviewing Plaintiffs' Complaint, it is clear that Plaintiffs cannot pass the plausibility standard with respect to their claims for negligent infliction of emotional distress as the Plaintiffs do not allege any facts that would demonstrate that they were in the zone of physical her constitutional claims, and thus Plaintiff's federal claims must be dismissed.

III.  **ARGUMENT**

The District of Columbia does not recognize a cause of action for negligently inflicted emotional distress. *Washington v. John T. Rhines Co.*, 646 A.2d 345, 348 (D.C. 1994); *Williams v. Baker*, 572 A.2d 1062, 1067 (D.C. 1990). This rule is equally applicable to cases that specifically allege negligent infliction of emotional distress as it is to cases that simply allege negligence. *Washington*, 646 A.2d at 349, n. 5 (citing *Sowell v. Hyatt Corp.*, 623 A.2d 1221, 1224 (D.C. 1993); *District of Columbia v. McNeill*, 613 A.2d 940, 943 (D.C. 1992)). Applying this rule, the D.C. Circuit Court of Appeals has noted that "[t]he District of Columbia's recovery rule for negligently inflicted emotional distress is as clear as it is stringent …. To be compensable, emotional distress must 'result from a direct physical injury.'" *Mackey v. United States*, 8 F.3d 826, 830 (D.C. Cir. 1993).

In 1990, the D.C. Court of Appeals in the *Williams* case "slightly relaxed the rule," adopting the "zone-of-danger" test. *Washington*, 646 A.2d at 347 (citing *Williams*,

4

572 A.2d at 1067)). In *Williams,* a mother brought a negligence claim alleging extreme anxiety for a physician's alleged misdiagnosis of her three year-old son's condition, causing the child to stop breathing, spend 36 hours in intensive care, and ten days in the hospital. The Court denied the mother's claim, articulating the zone-of-danger test:

> If the plaintiff was in the zone of physical danger and was caused by defendant's negligence to fear for his or her own safety, the plaintiff may recover for negligent infliction of serious emotional distress and any resultant physical injury, regardless of whether plaintiff experienced a physical impact as a direct result of defendant's negligence.

*Williams*, 572 A.2d at 1067; *see also Washington,* 646 A.2d at 348 (D.C. Court of Appeals "reiterated its holding that the zone of danger test is the sole means for assessing a claim for damages for negligently inflicted emotional distress"); *Cauman v. George Washington University*, 630 A.2d 1104, 1006 (D.C. 1993); *Jones v. Howard University*, 589 A.2d 419, 424 (D.C. 1991); *McKethean v. Washington Metropolitan Area Transit Authority*, 588 A.2d 708, 718 (D.C. 1991).

Thus, "[t]o establish a prima facie case of negligent infliction of emotional distress, the plaintiff must show he was in the zone of physical danger created by the defendant's conduct and was caused to fear for his or her own well-being." *Lyles v. Micenko,* 404 F. Supp. 2d 182, 188 (D.D.C. 2005) (citations omitted). Here, the Plaintiffs each allege that they suffered emotional distress that was severe and verifiable. Compl. ¶¶ 41-42; 69-70; 82-83. However, none of the Plaintiffs allege that they were within the zone of physical danger created by any conduct of the District. Thus, to the extent that any of the Plaintiffs have asserted causes of action on behalf of themselves individually for negligent infliction of emotional distress, Plaintiffs have failed to state a claim as a matter of law and these counts must be dismissed.

5

IV. **CONCLUSION**

For the reasons set forth above, the District respectfully requests that the Court dismiss Counts V, X and XIII of Plaintiffs' Complaint.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        /s/ Nicole L. Lynch
        NICOLE L. LYNCH (471953)
        Chief, Section II

        /s/ Shana L. Frost
        SHANA L. FROST (458021)
        Assistant Attorney General
        441 4th Street, NW, 6th Floor South
        Washington, DC 20001
        (202) 724-6534
        Fax: (202) 727-3625
        shana.frost@dc.gov