UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREER HODGES**, *et al*, | ) |
| Plaintiffs, | ) |
| v. | ) C.A. No. 07-2091 (JR) |
| **DISTRICT OF COLUMBIA**, *et al.*, | ) |
| Defendants. | ) |

## RULE 16.3 REPORT

Pursuant to Fed. R. Civ. P. 16 and LCvR 16.3, the Plaintiffs and Defendant District of Columbia (the "District"),[1] by and through undersigned counsel submit the following report:

**A.   STATEMENT OF CLAIMS:**

This case arises out of a motor vehicle accident that occurred on December 3, 2006 on Georgia Avenue in Silver Spring, Maryland when the car in which Plaintiffs' decedents were traveling was struck by a car driven by Defendant James Frazier, Jr.  The car that Defendant Frazier was driving was owned by Defendant Charles Perry, Jr.  Plaintiffs contend that prior to the accident, members of the District of Columbia Metropolitan Police Department were engaged in an unauthorized pursuit of the vehicle driven by Defendant Frazier.

**B.   STATEMENT OF DEFENSES:**

The District has filed a partial motion to dismiss, arguing that Plaintiffs have failed to state a claim for negligent infliction of emotional distress.  The District further contends that the evidence will not support Plaintiffs' claim that members of the Metropolitan Police Department

---

[1] Although served, Defendants Charles Perry, Jr. and James Frazier, Jr., have not entered an appearance in this case or otherwise participated in this matter.

were grossly negligent, or that the District was grossly negligent in training or supervising its police officers.

**C.     AGREEMENTS OF THE PARTIES AND DISCOVERY PLAN:**

1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

The District believes that the case is likely to be disposed of by dispositive motion. As stated, the District has filed a partial motion to dismiss and intends to file a motion for summary judgment at the appropriate time.

2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

Plaintiffs and the District agree that any other parties should be joined and/or the pleadings amended within 30 days after the Scheduling Conference.

3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

Plaintiffs and the District agree that the case should not be assigned to a magistrate judge for all purposes. However, Plaintiffs and the District agree that a magistrate judge could be assigned to resolve any discovery matters and to conduct mediation in this case.

4. Whether there is a realistic possibility of settling the case.

It does not appear at this time that settlement is a realistic possibility.

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

Plaintiffs and the District agree that although settlement does not appear to be a realistic possibility at this time, they may benefit from mediation with a magistrate judge at a later date.

Mediation, if the case is not resolved by a dispositive motion, should be set for 30 days after the Court rules upon any summary judgment motion.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

The District believes that a portion of this case will be resolved by their motion to dismiss. The District believes that the remainder of the case can be resolved by summary judgment. The deadlines for such motion should be as follows:

a. Dispositive Motion: 30 days after the close of expert discovery

b. Oppositions: 18 days after filing of dispositive motion

c. Replies: 11 days after filing of opposition

7. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and if not, what if any changes should be made in the scope, form or timing of those disclosures.

Plaintiffs and the District agree to dispense with the initial disclosures required by Fed. R. Civ. 26(a)(1).

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

Plaintiffs and the District agree to the following discovery plan:

a. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

b. The District requests that each side be limited to 25 Interrogatories. Plaintiffs request that each side be limited to 40 Interrogatories.

c. The number of depositions to be limited to 8 per side.

d. The duration of each deposition to be limited pursuant to LCvR 26.2(c).

9. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

Plaintiffs and the District agree that expert witness reports and information should be exchanged and expert discovery should occur as follows:

    a. Plaintiff's Expert Report: 30 days after the close of fact discovery

    b. The District's Expert Report: 60 days after the close of fact discovery

    c. Close of Expert Discovery: 90 days after the close of fact discovery

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

11. Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.

Plaintiffs and the District parties agree that bifurcation of the trial and/or discovery is not necessary at this time. However, the District reserves the right to move to bifurcate the trial and/or discovery if the need should arise.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter.)

Plaintiffs and the District agree that a pretrial conference should be set, if necessary, 60 days after the Court rules upon any dispositive motion.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the pretrial conference.

Plaintiffs and the District agree that the trial date should be set at the pretrial conference from 30 to 60 days after that conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None.

Respectfully submitted,

| | |
|---|---|
| PETER J. NICKLES<br>Interim Attorney General<br>for the District of Columbia | /s/ David B. Ginsburg by SF<br>DAVID B. GINSBURG [422435]<br>J.E. Wingfield & Assoc.<br>700 Fifth Street, NW<br>Suite 300 |
| GEORGE C. VALENTINE<br>Deputy Attorney General<br>Civil Litigation Division | Washington, DC 20001<br>(202) 789-9000 ext. 121<br><br>Counsel for Plaintiffs |

/s/ Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II

/s/ Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

Counsel for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **GREER HODGES,** *et al*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **DISTRICT OF COLUMBIA,** *et al.*, ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 07-2091 (JR) |

**PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of the LCvR 16.3 Report submitted by Plaintiffs and the District of Columbia and the entire record herein, it is this _____ day of _____, 2008, hereby ordered that:

1.	The parties need not exchange the initial disclosures required by Fed. R. Civ. 26(a)(1).

2.	Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the date of this Order.

3.	The number of interrogatories is to be limited to ___ per side.

4.	The number of depositions is to be limited to 8 per side.

5.	The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

6.	Plaintiffs' expert report(s) and information shall be served no later than 30 days after the close of fact discovery.

7.	The District of Columbia's expert report(s) and information shall be served no later than 60 days after the close of fact discovery.

8. All discovery on the parties' experts shall close 90 days after the close of fact discovery.

9. All dispositive motion shall be filed no later than 30 days after the close of expert discovery.

10. Memoranda of points and authorities in opposition to any dispositive motions shall be filed no later than 18 days after filing of the dispositive motion.

11. Reply memoranda shall be filed no later than 11 days after filing of the opposition(s).

_____
Hon. James Robertson
United States District Judge
for the District of Columbia